## STATE OF IOWA,

IOWA CITY, JUNE AND DECEMBER TERMS, A. D., 1854,

In the eighth year of the State.

---

PRESENT :

HON. JOSEPH WILLIAMS, *Chief Justice.*
" GEO. GREENE, } *Judges.*
" J. C. HALL,

---

### MILLER *et al. v.* GALLAND.

The date of a note given for services on a steamboat, is not conclusive that the services were rendered at or before such date, so as to give priority of lien for such services, over a seizure and levy made at the same date of the note.

A general judgment on a note for services rendered to a steamboat, cannot have the effect of a preferred claim under the act of 1847, unless the judgment specify and fix the lien.

Under the act of 1838, authorizing attachments against boats and vessels, the jurisdiction of the district court does not depend upon the strict regularity of the officer's returns, when the proceedings in other respects were fully authorized.

191

*Appeal from Lee District Court.*

*Opinion by* HALL, J.   On the 22d day of November, 1847, D. and A. Hine filed their complaint in the district court of Lee county, against the steamboat Kentucky, and issued a warrant to the sheriff of that county, to attach the boat.

The sheriff made the following return to the warrant : " Served the within writ, Nov. 22d, 1847, by attaching the steamboat Kentucky, her tackle, furniture and apparel ; appraised at thirty-eight hundred dollars ; appraisers, Henry Williams, Charles McIntosh."

On the 29th day of November, 1847, William McCall filed his complaint against the steamboat Kentucky, before C. B. Morse, a justice of the peace of Lee county, and upon his complaint, a warrant issued to a constable, who returned the warrant on the same day.   " Executed the within writ, by taking the steamboat Kentucky into my custody, as commanded, and, also, I did notify the master of said steamboat Kentucky, by reading this writ to him."

The complaint states that the suit was " brought on a note, executed by the clerk of the boat to McCall, for services rendered by him on said boat, as steward, and that he had assigned the note to Isaac A. Lafever ; that the note bears date the 22d of November, 1847 ; and that the demand accrued to the plaintiff, for wages due him for services rendered the boat, within twenty days last past."

This complaint was verified by the oath of Lafever.   On the same day, the justice rendered a judgment against the boat, in these words : " November 29th, 1847.   Whereupon came the plaintiff, no person appearing for the steamboat Kentucky, judgment is therefore rendered against the steamboat Kentucky, and in favor of the plaintiff, for the sum of $96 50, by default, and costs taxed at $2 22, with interest until paid.   It is hereby ordered that the steamboat

Kentucky be sold to satisfy the above judgment, together with her tackle, apparel and furniture, as the law directs." On the 18th of May, 1848, an order of sale issued on this judgment, and on the 29th of May, the steamboat Kentucky was sold, by a constable, to Isaac A. Lafever, for the sum of one hundred dollars. On the same day, Lafever sold the boat to Lewis R. Reeves.

On the 11th of May, 1848, a judgment was rendered in the district court, in favor of D. and A. Hine, for $190 50 and costs, and an order made directing the sheriff to sell the boat. On the 15th of May, 1848, an execution issued on Hine's judgment, and on the 6th day of June, 1848, the boat was sold, by the sheriff, to D. S. Baker, for the sum of $825, and Baker put into possession of the boat.

On the 5th day of June, 1848, Isaac Galland sued out of the office of the Clerk of the district court of Lee county, a writ of replevin for the steamboat Kentucky, against L. R. Reeves, D. S. Baker, and fifty-two others, and the boat was delivered to Galland, on the writ.

At the November term of the district court, 1848, Galland was non-suited, and a contest arose between Reeves and Baker, as to whom the damages should be assessed. The district court decided in favor of Baker's title, and upon inquiry of damages, rendered judgment in his favor, and against Galland, for the sum of three thousand dollars and costs. Reeves took exceptions, and brought his writ of error to this court.

The owners of the boat have submitted to the action and judgments of both courts, and the only question presented is, whether the title to the boat passed by the sale of the constable to Lafever, upon McCall's judgment, before the justice, or by the sale to Baker, by the sheriff, upon D. and A. Hine's judgment, in the district court. The title of Baker is based upon the act of December 20th, 1838, and relates to, and takes effect from the day of the seizure of the boat, by the sheriff, upon the warrant issued by D. and A. Hine,

the 22d of November, 1847.   The title of Reeves to the boat, under Lafever's purchase, will relate to, and take effect from the date of the seizure of the boat,  by the constable, upon the warrant issued the 29th of November, 1847, unless the demand and judgment of McCall have the character of a preferred claim, for services rendered the boat, as provided by the act of February 25th, 1847, in which event the sale and title, under that judgment, would be valid, as between these parties, without reference to the time the boat was attached by the officers.

McCall commenced his suit on the 29th of November, eight days after D. and A. Hine had commenced their suit. The suit is brought on a note executed by the clerk of the boat, dated the 22d day of November, 1847, which note was assigned to Lafever, and Lafever becomes the real party to the suit.   He swears to the petition and prosecutes the demand.   It is alledged in the complaint, that the indebtedness accrued to McCall for personal services, rendered by him to the boat as steward, and that the services had been rendered within twenty days next preceding the 29th of November, 1847, which time would include eight days after D. and A. Hine's warrant was levied, and twelve days anterior to that time.   The justice rendered a general judgment against the boat, without referring to or mentioning the subject of the preferred claim or lien of McCall.

The presumption is conclusive, that the suit was brought within twenty days after the services terminated, for the entire demand had accrued within twenty days.   The date of the note is not conclusive, that the service had been rendered at the time it bears date, for it could as well include services to be rendered, as services that had been rendered, and the wording of the complaint presents a very fair presumption that such was the fact.   It follows, then, that the presumption is quite as strong that the services were rendered after D. and A. Hine's lien attached to the boat, as that they were rendered before that time.   If they were rendered after the warrant of D. and A. Hine had seized the

Miller *v.* Galland.

boat, there would have been no lien as against their demand.

But independent of this, the court are of opinion that the judgment of the court should specify and fix the character of the lien, if it is to have the effect of a preferred claim, under the act of 1847. Something more than a general judgment should be rendered against the boat. The judgment should be as specific as the remedy, and clearly state its preferred effect. Unless this rule is correct, it would leave a wide door open for fraud.

The complaint is made, the warrant issued and served, and the default taken, trial had, and judgment rendered on the same day, and probably the same hour. It is easy to put into the complaint, the statement that would make it appear a prefered claim under the statue of 1847. If the boat was liable at all, it would have been the duty of the justice, to have rendered a general judgment,—as in this case,—without regard to the special claim, for a lien under the act of 1847. Then if the specific character of the lien, is to be determined by the complaint, without reference to the judgment, it will be the act of the party bringing the suit, that fixes his lien and not the judgment of the court. The judgment would be the same, whether the demand was in fact preferred or not.

Much time has been occupied in the argument, and many authorities cited to establish an objection to the jurisdiction of the district court in the case of D. & A. Hine *v.* the boat.

It is contended that the jurisdiction of the court depended upon the acts and return of the sheriff on the warrant, and in as much as he had only returned, that he had *attached the boat*, &c., his return was insufficient, and the district court had no authority to render judgment. We can see nothing in this objection. The warrant issued in the case, was authorized by law, and conferred full power on the sheriff to seize and hold the boat. Clothed with that power, the sheriff did seize and hold the boat. He returned to the court that he had the boat to answer the complaint. The

court adjudged the complaint, and rendered a judgment against the boat, and ordered the sheriff to sell it, to pay the judgment. The sheriff did sell it, received the money, and paid the liability.

If these facts do not show jurisdiction in the court, it would be difficult to define what would show it.

The power of the court is indisputable; the subjugation of the boat to that power, was complete in every step of the proceedings.

Judgment affirmed.

*Reeves* and *Miller*, for appellants.

*Geo. C. Dixon*, for appellee.